IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NIKKI SALAZAR KING,<br><br>                 Plaintiff,<br>v.<br><br>XPO LOGISTICS, INC.; CASEY MCKELL, in his capacity as employee/management for XPO and also as an individual; LARIANNE JENSEN, in her capacity as employee/management for XPO and also as an individual,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' [17] MOTION TO DISMISS AND PLAINTIFF'S [19] MOTION TO AMEND COMPLAINT**<br><br>Case No. 2:16-CV-434-DN<br><br>District Judge David Nuffer |

       This case involves an employee's claims against her former employer and supervisors for sexual harassment, discrimination based on gender and religion, retaliation, wrongful termination, assault and battery, and unpaid wages.[1] Defendants XPO Logistics, Inc. ("XPO") and Larianne Jensen ("Jensen") seek dismissal of Plaintiff Nikki Salazar King's ("King") Title VII sexual harassment and discrimination claims against Jensen, as well as King's common law wrongful termination and accounting claims against XPO. They allege she fails to state a claim upon which relief may be granted.[2] King opposed the Motion to Dismiss and moved to amend her complaint in an attempt to rectify the pleading deficiencies argued by XPO and Jensen.[3] Defendant Casey McKell, though served, takes no part in these motions.

---

[1] Complaint, docket no. 2, filed May 24, 2016.

[2] Motion to Dismiss of Defendants XPO Logistics Inc. and Larianne Jensen ("Motion to Dismiss"), docket no. 17, filed July 29, 2016.

[3] Memorandum in Opposition to Defendants Motion to Dismiss ("King's Response"), docket no. 20, filed Aug. 16, 2016; Motion and Memorandum in Support to Amend Complaint ("Motion to Amend Complaint"), docket no. 19, filed Aug. 12, 2016.

Because Tenth Circuit precedent precludes individual liability for supervisors on Title VII claims; because King's common law claim for wrongful termination is preempted by the Utah Antidiscrimination Act ("UADA"); and because King has failed to allege a cognizable claim for accounting; XPO and Jensen's Motion to Dismiss[4] is GRANTED. King's Motion to Amend Complaint[5] is GRANTED IN PART with direction that King file an amended complaint that is consistent with the analysis and conclusions of this Memorandum Decision and Order.

**Table of Contents**

DISCUSSION .................................................................................................................................. 3
   XPO and Jensen's Motion to Dismiss ....................................................................................... 3
      Tenth Circuit precedent precludes individual liability for supervisors on Title VII claims 3
      King's common law claim for wrongful termination is preempted by the UADA ............ 4
      King has failed to allege a cognizable claim for accounting .............................................. 6
   King's Motion to Amend Complaint ......................................................................................... 9
      King's request for leave to amend her Complaint to remove her claims against Jensen
         individually is moot .................................................................................................... 11
      Leave is granted for King to amend her Complaint to assert a common law wrongful
         termination claim against XPO relating to her efforts to require XPO to abide by
         Utah labor laws ........................................................................................................... 11
      Leave is granted for King to amend her Complaint to assert a claim for breach of
         employment contract and breach of good faith and fair dealing against XPO ........... 14
      King is granted leave to amend her Complaint regarding her claims against Casey
         McKell ......................................................................................................................... 17
ORDER ........................................................................................................................................ 19

---

[4] Docket no. 17, filed July 29, 2016.

[5] Docket no. 19, filed Aug. 12, 2016.

## DISCUSSION

## XPO and Jensen's Motion to Dismiss

A defendant is entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[6] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[7] A court is not bound to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[8]

**Tenth Circuit precedent precludes individual liability for supervisors on Title VII claims**

XPO and Jensen seek dismissal of King's first cause of action for sexual harassment and fifth cause of action for sexual discrimination based on gender against Jensen.[9] King's claims allege that Jensen violated Title VII by committing impermissible gender discrimination, engaging in sexual harassment and creating a hostile and abusive work environment, and retaliating against King for reporting her concerns and allegations to XPO managers and the United States Equal Opportunity Commission ("EEOC").[10] XPO and Jensen argue that King's claims fail as a matter of law because Tenth Circuit precedent precludes individual liability for supervisors on Title VII claims.[11] King acknowledges this precedent and has agreed to dismiss

---

[6] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[9] Motion to Dismiss at 3, docket no. 17, filed July 29, 2016; Reply Memorandum in Further Support of Defendants' Motion to Dismiss ("Defendants' Reply") at 2-3, docket no. 21, filed Aug. 29, 2016.

[10] Complaint ¶¶ 66-74, 96-103, docket no. 2, filed May 24, 2016.

[11] Motion to Dismiss at 3, docket no. 17, filed July 29, 2016; Defendants' Reply at 2-3, docket no. 21, filed Aug. 29, 2016.

her claims against Jensen, but requests that the dismissal be without prejudice on the chance that a change in controlling law may occur during the pendency of the case.[12]

"Under long-standing [Tenth C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII."[13] This is "the majority view that, taken as a whole, the language and structure of … Title VII … reflect[s] the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."[14] Title VII has "broad remedial purposes and should be interpreted liberally, but that cannot trump the narrow, focused conclusion [courts must] draw from the structure and logic of the statute[.]"[15] Therefore, "personal capacity suits against individual supervisors are inappropriate under Title VII."[16]

Bound by Tenth Circuit precedent, King's Title VII claims against Jensen fail to state a claim as a matter of law. King's speculation that a change in controlling law may occur during the pendency of this case is not a sufficient legal basis to dismiss the claims without prejudice. Therefore, King's first cause of action for sexual harassment and fifth cause of action for sexual discrimination based on gender against Jensen[17] is dismissed with prejudice .

**King's common law claim for wrongful termination is preempted by the UADA**

XPO and Jensen seek the dismissal of King's eighth cause of action for wrongful termination against XPO because the claim is preempted by the UADA.[18] King's claim alleges that XPO impermissibly terminated her employment in retaliation for her reporting

---

[12] King's Response at 3-4, docket no. 20, filed Aug. 16, 2016.

[13] *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007).

[14] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[15] *Id*. (internal quotations and punctuation omitted).

[16] *Id*.

[17] Complaint ¶¶ 66-74, 96-103, docket no. 2, filed May 24, 2016.

[18] Motion to Dismiss at 3-4, docket no. 17, filed July 29, 2016; Defendants' Reply at 3-4, docket no. 21, filed Aug. 29, 2016

discrimination and harassment based on gender and religion to the EEOC and to designated officials of the State of Utah.[19] King has agreed to dismiss and modify the claim to remove reference to preempted discriminatory acts.[20] However, King argues that XPO also engaged in wrongful termination by firing her in retaliation for her efforts to require XPO to abide by labor laws relating to her salary and employment documentation and accounting information. She maintains this claim is not preempted by the UADA.[21]

> The UADA provides that its procedures:
>
> are the exclusive remedy under state law for employment discrimination based upon: (a) race; (b) color; (c) sex; (d) retaliation; (e) pregnancy, childbirth, or pregnancy-related conditions; (f) age; (g) religion; (h) national origin; (i) disability; (j) sexual orientation; or (k) gender identity.[22]

The Utah Supreme Court has held that "the plain language of [the UADA] reveals an explicit legislative intention to preempt all common law remedies for employment discrimination."[23] Thus, the UADA's "'exclusivity provision' unambiguously indicates that the UADA preempts 'common law causes of action' for employment discrimination based on the 'specific grounds' it lists."[24] The Utah Supreme Court further held that "[e]ven if the UADA lacked an explicit statement of preemptive intent, [the] holding that it preempts common law remedies for employment discrimination would not change because a clear preemptive intent can be implied from the statute's structure and purpose."[25]

---

[19] Complaint ¶¶ 111-15, docket no. 2, filed May 24, 2016.

[20] King's Response at 4, docket no. 20, filed Aug. 16, 2016.

[21] *Id*. at 4-5.

[22] UTAH CODE ANN. § 34A-5-107(16).

[23] *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 9, 61 P.3d 989.

[24] *Id*.

[25] *Id*. ¶ 12.

While King attempts to avoid preemption by arguing that XPO terminated her employment in retaliation for her efforts to require XPO to abide by labor laws relating to her salary and employment documentation and accounting information,[26] King's Complaint contains no factual allegations to support this type of retaliatory firing.[27] Rather, the Complaint alleges only harassment, discrimination, and retaliatory firing on the basis of gender and religion.[28] The alleged wrongful termination on these bases falls precisely in the scope of common law claims that are expressly preempted by the UADA.[29] Therefore, King's eighth cause of action for wrongful termination against XPO[30] fails to state a claim as a matter of law. However, based on King's argument and assertions that an unpleaded factual basis exists which could support a common law claim for wrongful termination that is not preempted by the UADA,[31] the dismissal of her claim[32] is without prejudice.

**King has failed to allege a cognizable claim for accounting**

XPO and Jensen also seek the dismissal of King's ninth cause of action for accounting against XPO because accounting is a remedy, not a separate cause of action.[33] King opposes the Motion to Dismiss arguing that an accounting is not always a form of relief that is dependent on

---

[26] King's Response at 4-5, docket no. 20, filed Aug. 16, 2016.

[27] Complaint, docket no. 2, filed May 24, 2016

[28] *Id*.

[29] UTAH CODE ANN. § 34A-5-107(16) (2016); *Gottling*, 2002 UT 95, ¶9; *see also Stewart v. IM Flash Techs., LLC*, 2016 U.S. Dist. LEXIS 53713, *9-10 (D. Utah Apr. 20, 2016); *Giddings v. Utah Transit Auth.*, 107 F.Supp.3d 1205, 1211-12 (D. Utah May 13, 2015); *McNeil v. Kennecott Utah Copper Corp.*, 2009 U.S. Dist. LEXIS 72998, *11-12 (D. Utah July 20, 2009).

[30] Complaint ¶¶ 111-15, docket no. 2, filed May 24, 2016.

[31] King's Response at 4-5, docket no. 20, filed Aug. 16, 2016.

[32] Complaint ¶¶ 111-15, docket no. 2, filed May 24, 2016.

[33] Motion to Dismiss at 4-5, docket no. 17, filed July 29, 2016; Defendants' Reply at 5, docket no. 21, filed Aug. 29, 2016.

an underlying claim.[34] Nevertheless, King concedes that her accounting claim may be restyled as a claim for breach of employment contract and breach of good faith and fair dealing against XPO with an accounting and declaratory relief as related remedies.[35]

In Utah, "'[a]n action for an accounting may be legal or equitable[] depending upon the facts set out in the pleadings.'"[36] "An action 'to recover on an account where items and balances either have been determined or are readily determined is an action at law which sounds in contract[.]'"[37] But accounting is not an independent legal cause of action when it is sought in connection with a tort or contractual claim for damages, absent statutory authority.[38] An equitable accounting claim, on the other hand, "'may lie to adjust mutual accounts, or one-sided accounts which are complicated, or which, in addition to being mutual or complicated, require relief, by way of discovery, for their settlement.'"[39] However, "'[t]he necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is … the absence of an adequate remedy at law.'"[40] "As the United States Supreme court [has] observed …

> '[o]ur cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an

---

[34] King's Response at 5-6, docket no. 20, filed Aug. 16, 2016.

[35] *Id*.

[36] *Failor v. MegaDyne Med. Prods., Inc.*, 2009 UT App 179, ¶ 14, 213 P.3d 899 (quoting *Green v. Palfreyman*, 166 P.2d 215, 219 (Utah 1946)).

[37] *Int'l Harvester Credit Corp. v. Pioneer Tractor and Implement, Inc.*, 626 P.2d 418, 421 (Utah 1981).

[38] *Richardson v. Arizona Fuels Corp.*, 614 P.2d 636, 640 (Utah 1980); *GLFP, Ltd. v. CL Mgmt, Ltd.*, 2007 UT App 131, ¶¶ 14-15, 163 P.3d 636; *USSA Mut. Funds Tr. v. Jordanelle Special Serv. Dist.*, 2015 U.S. Dist. LEXIS 165566, *26 (D. Utah Dec. 9, 2015); *Precision Vascular Sys. v. Sarcors LC*, 199 F.Supp.2d 1181, 1193 (D. Utah Apr. 12, 2002).

[39] *Failor*, 2009 UT App 179, ¶ 14 (quoting 1 Am.Jur.2d *Accounts & Accounting* § 56 (2005)).

[40] *Id*. (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)); *see also Cohen v. Wrapsol Acquisition, LLC*, 177 F.Supp.3d 1373, 1379 (D. Utah Arp. 11, 2016); *Roberts v. America's Wholesale Lender*, 2012 U.S. Dist. LEXIS 54805, *27-29 (D. Utah Mar. 22, 2012).

employee with backpay, or for the recovery of specific property or *monies*, ejectment from land, or injunction either directing or restraining the defendant['s] … actions. The fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterized the relief as 'money damages.'"[41]

King's Complaint does not identify whether she seeks an equitable or a legal accounting with her ninth cause of action.[42] Rather, it appears that King attempts to combine the two types of actions into one accounting claim. King alleges that she "has been underpaid and deprived of revenues which she is entitled, and an accounting is necessary to ascertain, reconcile and receive these amounts."[43] This request for specific relief through the recovery of specific monies suggests a claim for an equitable accounting.[44] On the other hand, King's alleges that she "is being forced to engage in further legal proceedings with the State of Utah, including to prevent potential monetary sanction, as a result of XPO inaccurately reporting [her] employment compensation to [t]he State of Utah."[45] This allegation suggests an action at law seeking monetary compensation for her injury suffered by XPO's alleged conduct.[46] King ultimately asserts that "a full accounting is necessary to determine the amounts that [she] has been underpaid and/or deceptively or fraudulently shorted."[47]

Whether King's accounting claim[48] is construed as a claim for an equitable accounting or a legal accounting, it fails. If she attempts a claim for equitable accounting, it fails because King does not allege the absence of an adequate remedy at law, or that the accounts in this case are so

---

[41] *Pelt v. Utah*, 611 F.Supp.2d 1267, 1279 (D. Utah Mar. 25, 2009) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988)) (emphasis in original).

[42] Complaint ¶¶ 116-20, docket no. 2, filed May 24, 2016.

[43] Complaint ¶ 118, docket no. 2, filed May 24, 2016.

[44] *Pelt*, 611 F.Supp.2d at 1279.

[45] Complaint ¶ 119, docket no. 2, filed May 24, 2016.

[46] *Pelt*, 611 F.Supp.2d at 1279.

[47] Complaint ¶ 120, docket no. 2, filed May 24, 2016

[48] *Id*. ¶¶ 116-20.

complicated that only a court of equity can unravel them.[49] A claim for a legal accounting fails because King cites no statutory authority authorizing an accounting under the circumstances alleged. Also, her allegations and arguments demonstrate that the accounting she seeks is underpinned by tort—deceptive or fraudulent acts—or contract—breach of employment contract and breach of good faith and fair dealing—claims, which permit the accounting to be a potential remedy, but not an independent cause of action.[50] Therefore, King's ninth cause of action for accounting against XPO[51] fails to state a claim as a matter of law. Because King concedes that an adequate remedy at law exists through a restyling of the claim as a claim for breach of employment contract and breach of good faith and fair dealing against XPO,[52] the dismissal of King's ninth cause of action for accounting against XPO[53] is with prejudice.

### King's Motion to Amend Complaint

Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[54] "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties[,]"[55] and the Rule specifies that leave should be "freely give[n] … when justice so requires."[56] Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue

---

[49] *Failor*, 2009 UT App 179, ¶ 14; *Cohen*, 177 F.Supp.3d at 1379; *Roberts*, 2012 U.S. Dist. LEXIS 54805, *27-29.

[50] *Richardson*, 614 P.2d at 640; *GLFP, Ltd.*, 2007 UT App 131, ¶¶ 14-15; *USSA Mut. Funds Tr.*, 2015 U.S. Dist. LEXIS 165566, *26; *Precision Vascular Sys.*, 199 F.Supp.2d at 1193.

[51] Complaint ¶¶ 116-20, docket no. 2, filed May 24, 2016.

[52] King's Response at 5-6, docket no. 20, filed Aug. 16, 2016.

[53] Complaint ¶¶ 116-20, docket no. 2, filed May 24, 2016.

[54] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting FED. R. CIV. P. 15(a)(2)).

[55] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

[56] FED. R. CIV. P. 15(a)(2).

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[57] However, "[t]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court[.]"[58]

King requests leave to amend her Complaint:

- to remove her claims against Jensen individually;
- to modify her common law wrongful termination claim against XPO to allege retaliatory firing based on her efforts to require XPO to abide by labor laws by providing her with her basic salary and labor law documentation and accounting information;
- to restyle her accounting claim against XPO as a claim for breach of employment contract and breach of good faith and fair dealing, with accounting and declaratory relief as related remedies; and
- to add a claim for intentional infliction of emotional distress against Defendant Casey McKell.[59]

XPO and Jensen oppose the Motion to Amend Complaint arguing that the proposed amendments are futile.[60] XPO and Jensen further argue that by modifying and restyling her claims, King is attempting to improperly use Rule 15(a) to make her Complaint a moving target.[61]

---

[57] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[58] *Minter*, 451 F.3d at 1204 (internal quotations omitted).

[59] Motion to Amend Complaint, docket no. 19, filed Aug. 12, 2016; Proposed Amended Complaint, docket no. 19-1, filed Aug. 12, 2016.

[60] Defendants' Opposition to Plaintiff's Motion to Amend ("Defendants' Response"), docket no. 22, filed Aug. 29, 2016.

[61] Defendants' Response, docket no. 22, filed Aug. 29, 2016.

**King's request for leave to amend her Complaint to remove her claims against Jensen individually is moot**

Given the dismissal with prejudice of King's first cause of action for sexual harassment and fifth cause of action for sexual discrimination based on gender against Jensen,[62] King's request for leave to amend her Complaint to remove these claims is moot.

**Leave is granted for King to amend her Complaint to assert a common law wrongful termination claim against XPO relating to her efforts to require XPO to abide by Utah labor laws**

King requests leave to amend her Complaint to include a common law wrongful termination claim against XPO for retaliatory firing based on her efforts to require XPO to abide by United States and Utah labor laws by providing her with her basic salary and labor law documentation and accounting information.[63] XPO and Jensen oppose the amendment arguing that it is futile. They say the proposed claim is preempted by the unfair labor practice jurisdiction of the National Labor Relations Board ("NLRB") if based on alleged violations of United States labor laws, and by UTAH CODE ANN. § 34-28-19, which provides administrative procedures for wage-related complaints, if based on alleged violations of Utah labor laws.[64] XPO and Jensen further argue that King is attempting to improperly use Rule 15(a) to make her Complaint a moving target.[65]

In response to these arguments, King has agreed to excise portions of the proposed claim relating to alleged violations of United States labor laws.[66] This concession makes it unnecessary to address XPO and Jensen's argument regarding preemption by the unfair labor practice

---

[62] *Supra* at 3-4.

[63] Motion to Amend Complaint, docket no. 19, filed Aug. 12, 2016; Proposed Amended Complaint ¶¶ 111-15, docket no. 19-1, filed Aug. 12, 2016.

[64] Defendants' Response at 3, docket no. 22, filed Aug. 29, 2016.

[65] *Id*.

[66] Plaintiff's Reply Memorandum in Support of Motion to Amend ("King's Reply") at 6-8, docket no. 23, filed Sept. 12, 2016.

jurisdiction of the NLRB. However, King maintains that the proposed claim is appropriately asserted with regard to alleged violations of Utah labor laws.[67]

"A proposed amendment is futile if the [claim], as amended, would be subject to dismissal."[68] XPO and Jensen argue that King's proposed claim is preempted by UTAH CODE ANN. § 34-28-19.[69] This statute provides that:

> An employer violates this chapter if the employer takes an action[, including the discharge, demotion, or any other form of retaliation against an employee in the terms, privileges, or conditions of employment,] against an employee because:
>
> (i) the employee files a complaint or testifies in a proceeding relative to the enforcement of this chapter;
>
> (ii) the employee is going to file a complaint or testify in a proceeding relative to the enforcement of this chapter; or
>
> (iii) the employer believes that the employee may file a complaint or testify in any proceeding relative to the enforcement of this chapter.[70]

The statute further provides that "[a]n employee claiming to be aggrieved by an action of the employer … may file with the division a request for agency action."[71]

In addressing the exclusivity of the administrative remedy procedure of UTAH CODE ANN. § 34-28-19, the Utah Court of Appeals has recognized that "a party need not exhaust administrative remedies where it would serve no useful purpose[.]"[72] The court held that because "claims of wrongful termination and breach of contract sound in tort and in contract, and because the agency has no jurisdiction to hear such claims, … [a trial] court's dismissal of those [claims]" for failure to exhaust administrative remedies is improper.[73] This holding and the

---

[67] *Id*.

[68] J*efferson Cty. Sch. Dist. v. Moody's Inv'r Servs.,* 175 F.3d 848, 859 (10th Cir.1999).

[69] Defendants' Response at 3, docket no. 22, filed Aug. 29, 2016.

[70] UTAH CODE ANN. § 34-28-19(1)(a).

[71] *Id*. § 34-28-19(2)(a).

[72] *Parkdale Care Ctr. v. Frandsen*, 837 P.2d 989, 992 (Utah Ct. App. 1992).

[73] *Id*. at 993.

permissive language of the statute, that "[a]n employee claiming to be aggrieved by an action of the employer … *may* file with the division a request for agency action[,]"[74] demonstrate that the administrative remedy procedures of the statute are not the exclusive remedy for an employee claiming retaliatory firing for making complaints concerning the payment of wages. Therefore, King's proposed common law wrongful termination claim is not preempted by UTAH CODE ANN. § 34-28-19, and is not clearly futile on this ground.

Additionally, while King's Complaint did not include allegations of retaliatory firing based on her efforts to require XPO to abide by Utah labor laws,[75] this case is in its early stages. No answer has been filed. A scheduling order has not entered. And King sought leave to amend her Complaint prior to the entry of any order dismissing her claims.[76] Therefore, the proposed amendment is timely and no prejudice is suffered by King's delay in raising these new allegations.[77] Accordingly, King is granted leave to file an amended complaint that includes a common law claim for wrongful termination against XPO based on King's efforts to require XPO to abide by Utah labor laws by providing her with her basic salary and labor law documentation and accounting information.

However, the Proposed Amended Complaint[78] that King previously submitted lacks specific factual allegations to support a common law claim for wrongful termination based on her efforts to require XPO to abide by Utah labor laws. The Proposed Amended Complaint makes only a general assertion that:

---

[74] UTAH CODE ANN. § 34-28-19(2)(a) (emphasis added).

[75] Complaint, docket no. 2, filed May 24, 2016

[76] Motion to Amend Complaint, docket no. 19, filed Aug. 12, 2016.

[77] *Minter*, 451 F.3d at 1204; *Frank*, 3 F.3d at 1365.

[78] Docket no. 19-1, filed Aug. 12, 2016

> XPO's termination of Plaintiff King was, among other things, in retaliation for King attempting to exercise her rights and privileges under the various labor laws of the United States and also of Utah in relation to requesting her salary records and labor-related information to ensure she was getting full and fair pay as required by applicable labor laws.[79]

"[N]aked assertions devoid of further factual enhancement," do not sufficiently state a claim.[80] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[81] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[82] Therefore, the Proposed Amended Complaint[83] that King submitted is deficient. If King files an amended complaint regarding her common law claim for wrongful termination based on her efforts to require XPO to abide by Utah labor laws it must include the requisite factual allegations.

**Leave is granted for King to amend her Complaint to assert a claim for breach of employment contract and breach of good faith and fair dealing against XPO**

King requests leave to amend her Complaint to restyle her accounting claim against XPO as a claim for breach of employment contract and breach of good faith and fair dealing, with accounting and declaratory relief as related remedies.[84] XPO and Jensen oppose the amendment

---

[79] *Id.* ¶ 112.

[80] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

[81] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[82] *Id.* at 1248.

[83] Docket no. 19-1, filed Aug. 12, 2016

[84] Motion to Amend Complaint, docket no. 19, filed Aug. 12, 2016; Proposed Amended Complaint ¶¶ 116-21, docket no. 19-1, filed Aug. 12, 2016.

arguing that it is futile because the proposed claim continues to improperly assert accounting as an independent cause of action.[85]

Under Utah law, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[86] Additionally, "[a]n implied covenant of good faith and fair dealing inheres in every contract."[87] "Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract."[88] "[E]xpress breach of contract and breach of the implied covenant of good faith and fair dealing are separate causes of action."[89]

King's proposed claim alleges that she had an employment contract with XPO under which she rendered labor in expectation that XPO would remit promised compensation and comply with applicable laws for reporting her compensation.[90] The proposed claim further alleges that following the termination of King's employment, XPO inaccurately reported her compensation amounts to the Utah Department of Workforce Services and also underpaid her and deprived her of compensation to which she is entitled.[91] The proposed claim also asserts that XPO's conduct constitutes a breach of the employment contract and a breach of the covenant of

---

[85] Defendants' Response at 3, docket no. 22, filed Aug. 29, 2016.

[86] *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388.

[87] *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 14, 94 P.3d 193.

[88] *Id*.

[89] *Terry v. Hinds*, 47 F.Supp.3d 1265, 1274 (D. Utah Sept. 17, 2014); *see also Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 947 (10th Cir. 2011).

[90] Proposed Amended Complaint ¶ 117, docket no. 19-1, filed Aug. 12, 2016.

[91] *Id*. ¶¶ 117-18.

good faith and fair dealing by denying King the core benefit of her bargain.[92] King requests relief in the form of a full accounting, declaratory order, and money damages.[93]

The allegations within King's proposed claim[94] are sufficient to state a claim in light of the current briefing.[95] Notably, however, "[i]f the [defendant] breached the express terms of the contract, that conduct might give rise to an express breach claim."[96] "But if the [defendant] breached an implied good faith term in the contract, it gives rise only to a breach of the implied covenant of good faith and fair dealing."[97] King's proposed claim[98] includes allegations as to each type of contract claim. The viability of the two contract claims being asserted together under the circumstances alleged was not addressed in the parties' briefing and may be the subject of future motion. Additionally, the requested remedy of a full accounting is likely unnecessary, as discovery procedures should adequately disclose the necessary information regarding King's compensation and XPO's reporting of her compensation to enable presentation to a jury for a damages calculation.[99] However, this would not render the proposed claim futile, as declaratory order and money damages relief would still be available. Therefore, King's proposed claim for breach of employment contract and breach of good faith and fair dealing is not clearly futile. The proposed amendment is also timely and no prejudice is suffered by King's delay in raising these new allegations.[100] Accordingly, King is granted leave to file an amended complaint that

---

[92] *Id.* ¶ 121.

[93] *Id.*

[94] *Id.* ¶¶ 116-21.

[95] *Bair*, 2001 UT 20, ¶ 14; *Eggett*, 2004 UT 28, ¶ 14.

[96] *Terry*, 47 F.Supp.3d at 1275.

[97] *Id.*

[98] Proposed Amended Complaint ¶¶ 116-21, docket no. 19-1, filed Aug. 12, 2016.

[99] *Roberts*, 2012 U.S. Dist. LEXIS 54805, *27-29.

[100] *Supra* at 13.

includes a proposed claim for breach of employment contract and breach of good faith and fair dealing.

**King is granted leave to amend her Complaint regarding her claims against Casey McKell**

King also requests leave to amend her Complaint to add a claim for intentional infliction of emotional distress against Casey McKell, her direct supervisor.[101] Despite being served with a summons and King's Complaint,[102] McKell has not filed an answer, responded to King's Motion to Amend Complaint, or otherwise made an appearance in the case. XPO and Jensen note that King's claims against McKell should be precluded for the same reasons that King's claims against Jensen were dismissed.[103] However, XPO and Jensen do not represent McKell and have no standing to seek the dismissal of King's claims against him. Given the early state of the proceedings, and that McKell has not yet made an appearance in the case, King's request for leave to amend her Complaint regarding her claims against McKell is timely and no prejudice is suffered by King's delay in raising these new allegations.[104] Therefore, King is granted leave to amend her Complaint regarding her claims against McKell.

Nevertheless, King is reminded of the continuing duties of Rule 11 of the Federal Rules of Civil Procedure:

> By presenting to the court a pleading, … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[101] Motion to Amend Complaint, docket no. 19, filed Aug. 12, 2016; Proposed Amended Complaint ¶¶ 13, 122-26, docket no. 19-1, filed Aug. 12, 2016.

[102] Proof of Service under URCP 4, docket no. 10, filed June 20, 2016.

[103] Defendants' Response at 2, docket no. 22, filed Aug. 29, 2016; *see also supra* at 3-4.

[104] *Supra* at 13.

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[105]

In light of the analysis and conclusions of this Memorandum Decision and Order, King should reevaluate the propriety of her claims and requests for relief against McKell, as well as those relating to XPO and Jensen, which she presents in the amended complaint.

---

[105] FED. R. CIV. P. 11(b).

**ORDER**

IT IS HEREBY ORDERED THAT:

(1)     XPO and Jensen's Motion to Dismiss[106] is GRANTED;

(2)     King's first cause of action for sexual harassment and fifth cause of action for sexual discrimination based on gender against Jensen[107] are DISMISSED with prejudice;

(3)     King's eighth cause of action for wrongful termination against XPO[108] is DISMISSED without prejudice;

(4)     King's ninth cause of action for accounting against XPO[109] is DISMISSED with prejudice; and

(5)     King's Motion to Amend Complaint[110] is GRANTED IN PART with direction that King file an amended complaint that is consistent with the analysis and conclusions of this Memorandum Decision and Order by no later than 14 days after the entry of this Memorandum Decision and Order.

(6)     The parties shall meet and confer and on or before February 8, 2017, file an attorneys' planning meeting report and submit a proposed scheduling order as outlined at http://www.utd.uscourts.gov/documents/ipt.html.

Signed January 18, 2017.

BY THE COURT:

_____
District Judge David Nuffer

---

[106] Docket no. 17, filed July 29, 2016.

[107] Complaint ¶¶ 66-74, 96-103, docket no. 2, filed May 24, 2016.

[108] *Id.* ¶¶ 111-15.

[109] *Id.* ¶¶ 116-120.

[110] Docket no. 19, filed Aug. 12, 2016.